DAMOORGIAN, C.J.
Darrin McCray (“McCray”), a former Lieutenant with the Palm Beach County Sheriffs Office (“the Sheriff’), appeals his convictions for organized scheme to defraud in violation of section 817.034(4)(a)(3), Florida Statutes (2006), and nine counts of official misconduct in violation of section 838.022, Florida Statutes (2006). These convictions resulted from allegations that McCray and other Sheriffs employees manipulated the overtime assignment computer system and obtained more hospital guard assignments than allowable under the Sheriffs policy. We reverse McCray’s conviction for organized scheme to defraud. We affirm his convictions for official misconduct without further discussion.
By way of background, the Sheriff provides guards for overtime duty when an inmate or arrested person is admitted to the hospital. In order to assure broader access to available hospital shifts, the Sheriff established policies and procedures designed to limit employees’ abilities to sign up for shifts in the computer system. These procedures included restricting how far in advance an employee could sign up for a shift, allowing employees to sign up for only one shift at a time, and imposing a 48-hour waiting period between sign-up opportunities. Further, according to the Sheriffs policy, employees generally could not sign up another deputy for an overtime shift. Lieutenants and other supervisors, however, had administrative rights that *604 permitted them to assign other employees to cover immediate, uncovered, or hard-to-cover shifts.
After receiving complaints about certain individuals “blocking out” overtime slots, the Sheriff commenced an internal affairs investigation, which led to the underlying criminal investigation against McCray. From September 2006 to September 2007, McCray assigned himself or others to work approximately 260 overtime shifts. Of those, McCray assigned himself to approximately 116 overtime shifts, even though McCray worked only 14 overtime shifts due to prisoner release or alternate coverage. McCray worked every shift for which he received overtime pay. In addition, McCray assigned several individuals to work overtime shifts without their knowledge or permission.
Based on these facts, the State charged McCray and five others with organized scheme to defraud. This Court reviewed the conviction of one of McCray’s co-defendants on the same charge and determined that the alleged pattern of conduct did not constitute a criminal violation under section 817.034(4)(a)(3).[1] Dent v. State, — So.3d -, 2013 WL 440117, 38 Fla. L. Weekly D287 (Fla. 4th DCA Feb 6, 2013), review denied, 116 So.3d 1263 (Fla.2013). Specifically, we noted that no statutory violation occurred because the alleged “lost ... opportunity for other deputies to work for overtime pay ... simply does not fit the definition of property traditionally used in criminal prosecutions.... ” Id. Likewise, McCray’s conduct does not support a conviction for organized scheme to defraud.
Accordingly, we remand for resentenc-ing on the convictions for official misconduct.

Affirmed in part; Reversed in part and Remanded.

CIKLIN and CONNER, JJ., concur.

. Section 817.034(4)(a)(3) provides:
Any person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud, punishable as follows ... [i]f the amount of property obtained has an aggregate value of less than $20,000, the violator is guilty of a felony of the third degree....
Section 817.034(3)(c) defines property as "anydiing of value, and includes: 1. Real property, including things growing on, affixed to, or found in land; 2. Tangible or intangible personal property, including rights, privileges, interests, and claims; and 3. Services.”